UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENYUN TYRONE GRAY,** aka **KENYAN T. GRAY**     **LA. DOC #386824** **VS.** | **CIVIL ACTION NO. 09-2125** **SECTION P** **JUDGE ROBERT G. JAMES** |
| **STEVE PYLANT, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenyun Tyrone Gray, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 7, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); when he filed suit he was incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana; however, he was subsequently transferred to the Richland Parish Detention Center. Plaintiff complained of conditions and circumstances at FPDC; he sued Franklin Parish Sheriff Steve Pylant and FPDC Warden Chad Lee and prayed for $150,000,000 "for mental and physical damages."

On March 18, 2010, the Clerk of Court was directed to provide various documents and forms to plaintiff and thereafter, plaintiff was directed to furnish copies of the original complaint, the amended complaint, completed summonses and a USM-285 form to the Clerk within 30 days for eventual service upon the defendants. [Doc. 8] When plaintiff failed to comply with that order, he was sent a Notice of Intent to Dismiss on May 10, 2010. In that Notice, the undersigned advised plaintiff that his claims would be dismissed unless he filed evidence of good cause for his failure to comply with the March 18, 2010, order and also provided the service documents as previously ordered. [Doc. 11] Plaintiff has failed to comply with the March 18, 2010, order, and he has failed

to respond to the Notice of Intent to Dismiss. [Doc. 11]

## *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with or otherwise respond to two orders of the Court. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United***

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, June 29, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE