# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| KENYUN GRAY | * | CIVIL ACTION NO.  09-2125 |
| | | SEC. P. |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| STEVE PYLANT, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On June 29, 2010, the undersigned recommended that the instant civil rights complaint filed by plaintiff *pro se*, Kenyun Gray, be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.  (June 29, 2010, Report and Recommendation [doc. # 13]).  The undersigned further observed that plaintiff failed to respond to a May 10, 2010, notice of intent to dismiss for failure to comply with the court order.  [doc. # 11].[1]

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by

---

[1]  The Notice was mailed to plaintiff at the last address that he supplied, but on May 18, 2010, the United States Postal Service returned the Notice with the following notations on the envelope, "Return to Sender Not Deliverable as Addressed Unable to Forward" and "Not Here." [doc. # 12].

The Notice, itself, acknowledged an April 30, 2010, letter from the Franklin Parish Detention Center which stated that on April 7, 2010, plaintiff was transferred to "Richwood DC," but that he had taken a copy of the court's order with him.  [doc.# 10].  Thus, it appears that plaintiff received a copy of the court's March 18, 2010, Memorandum Order prior to his transfer.

defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule 41.3W provides in part, "[t]he failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."  More than thirty days have elapsed since the Clerk of Court's correspondence was returned indicating that plaintiff is no longer at the address he originally provided.  In addition, more than 60 days have elapsed since plaintiff was ordered to submit service documents to the Clerk of Court.

The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional

2

conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above and in the earlier report and recommendation, plaintiff has ignored at lease one court order.  Furthermore, plaintiff is proceeding in forma pauperis and remains incarcerated.  Therefore, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction.  Dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.  Finally, plaintiff's unrepentant flaunting of court orders[2] reflects his own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to him as a pro se litigant.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.[4]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[2]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[3]  *See Millan, supra*.

[4]  The Clerk of Court is directed to send an additional copy of today's report and recommendation, as supplemented, addressed to plaintiff at the Richwood Correctional Center, 180 Pine Bayou Cir, Monroe, LA  71202.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Monroe, Louisiana, this 29th day June 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4