RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/25/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KENYUN TYRONE GRAY, aka KENYAN T. GRAY LA. DOC #386824 | CIVIL ACTION NO. 3:09-02125 SECTION "P" |
| VERSUS | |
| STEVE PLYANT, ET AL. | CHIEF JUDGE ROBERT G. JAMES MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Kenyun Tyrone Gray (Gray), on December 7, 2009.

On May 4, 2010, Franklin Parish Detention Center informed the court that Gray was transferred from its facility to Richwood Detention Center (Doc. Item 10). However, Gray has apparently moved as an order from this court mailed to him on February 7, 2011 (Doc. Item 35), was returned to the Clerk of Court and received on March 1, 2011, stamped "RTS" (return to sender) "Not here" (Docs 36 and 37).

Local Rule 41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days.

Since Gray failed to inform the court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case,

**IT IS RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320-21 (5th Cir. 1982).

<u>Objections</u>

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 25th day of April, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE