RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/8/11

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **KENYUN TYRONE GRAY,** aka **KENYAN T. GRAY** LA. DOC #386824 | **CIVIL ACTION NO. 09-2125** **SECTION P** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STEVE PYLANT, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

*Pro se* plaintiff Kenyun Tyrone Gray, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 7, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He alleges that he suffered mental and physical damages based on conditions and circumstances at the Franklin Parish Detention Center ("FPDC"), where he was formerly incarcerated.

On June 29, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 13] and Supplemental Report and Recommendation [Doc. No. 15] in which she recommended that Plaintiff's lawsuit be dismissed for failure to comply with the orders of the Court, even after he was sent a Notice of Intent to Dismiss. In her Supplemental Report and Recommendation, the Magistrate Judge found that, to the extent that a dismissal would result in a time bar to any subsequent lawsuit, there was a clear record of delay by Plaintiff and that no lesser sanction would better serve the interests of justice.

However, on July 27, 2010, Plaintiff submitted objections to the Clerk of Court. In those objections, Plaintiff denied that he failed to comply with the March 18, 2010 Order and denied that he received the May 10, 2010 Notice of Intent to Dismiss.

After reviewing the record, the Court noted that there had apparently been some problem with Plaintiff's receipt of mail at his place of confinement, Richwood Correctional Center. Accordingly, on August 17, 2010, the Court issued a Ruling and Order [Doc. Nos. 20 & 21], declining to adopt the Report and Recommendation of the Magistrate Judge and directing the Clerk of Court to serve Plaintiff with two additional summons forms and one additional USM 285 form for each Defendant. Plaintiff was instructed to complete the forms and return them to the Clerk of Court by September 17, 2010, for service by the United States Marshal.

Plaintiff complied with the Court's August 17, 2010 Order and had the Defendants served. On October 20, 2010, Magistrate Judge Karen L. Hayes recused in this matter, and the case was reassigned to Magistrate Judge James D. Kirk.

On December 21, 2010, Defendants filed a Motion for Summary Judgment [Doc. No. 33]. The notice of motion setting for this motion was sent to Plaintiff and was not returned, but he has never filed a response.

On March 1, 2011, a notice of corrective action sent to Plaintiff at his last known place of confinement, Richwood Correctional Center, was returned as undeliverable.

On April 25, 2011, Magistrate Judge Kirk issued a Report and Recommendation [Doc. No. 38] recommending dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3W for failure to prosecute.

The Report and Recommendation was returned to the Clerk of Court on May 5, 2011, marked "return to sender." Since that time, the Court still has not received any correspondence from Plaintiff.

The Court agrees with and ADOPTS the Report and Recommendation of Magistrate

Judge Kirk. The Court recognizes that once Plaintiff's case is dismissed, he will probably be barred by the applicable statute of limitations from re-filing the instant suit. Thus, dismissal at this juncture will effectively constitute dismissal "with prejudice," which is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

In this case, the requirements for a dismissal with prejudice are satisfied. Plaintiff has ignored the rules of Court and has failed to keep the Court apprised of his current whereabouts. Further, his last contact with the Court was in October 2010, and he has made no attempt to contact the Court since his mail was first returned in March 2011. Since Plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action. Finally, Plaintiff's failure to abide by court rules must be personally attributable to him as a pro se litigant.

Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate Judge [Doc. No. 38] and the additional reasons set forth in this Ruling, Plaintiff's

Complaint is DISMISSED.

**MONROE, LOUISIANA,** this __8__ day of __June__, 2011.

_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**